UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| G.M. SIGN, INC., <br><br>         Plaintiff, <br><br> v. <br><br> A&C PLASTICS, INC., <br><br>         Defendant. | Case No. 09 CV 5136 <br> Judge James F. Holderman <br> Magistrate Sidney I. Schenkier |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE CLASS ACTION COMPLAINT

**NOW COMES** the Defendant, A&C Plastics, Inc. by and through its attorneys, Eric L. Samore, Molly A. Arranz, and Erin A. Walsh of SMITHAMUNDSEN LLC, and for its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint, states as follows:

### Preliminary Statement

1. This case challenges Defendant's practice of faxing unsolicited advertisements.

**ANSWER:** **Defendant admits only that Plaintiff brought an action against Defendant, but denies the veracity of all allegations against Defendant as alleged in Paragraph 1 of the Class Action Complaint.**

2. The federal Telephone Consumer Protection Act, 47 U.S.C. § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

**ANSWER:** **Defendant states that the allegations of Paragraph 2 of the Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 2 of the Class Action Complaint is deemed to contain**

**allegations of fact and to the extent that Paragraph 2 contains misrepresentations of the law, Defendant denies same.**

3.      Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  A junk fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:      Defendant states that the allegations of Paragraph 3 of the Class Action Complaint are conclusions to which no answer is required.  To the extent that Paragraph 3 of the Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

**ANSWER:      Defendant states that the allegations of Paragraph 4 of the Class Action Complaint are legal conclusions to which no answer is required.  To the extent that Paragraph 4 of the Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**ANSWER:      Defendant admits that Plaintiff has brought an action for statutory damages against Defendant, but denies the veracity of the allegations of Paragraph 5 of Plaintiff's Class Action Complaint as alleged therein.**

## Jurisdiction and Venue

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

**ANSWER:** **Defendant denies the allegations in Paragraph 6 of the Class Action Complaint.**

7. Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious [sic] acts complained of occurred in Lake County, Illinois and Defendant is a foreign corporation.

**ANSWER:** **Defendant denies the allegations as stated in Paragraph 7 of the Class Action Complaint.**

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' [sic] individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

**ANSWER:** **Defendant denies the allegations as stated in Paragraph 8 of the Class Action Complaint.**

## Parties

9. Plaintiff is an Illinois corporation.

**ANSWER** **Defendant has insufficient knowledge to form a belief as to the allegations contained in Paragraph 9 of the Class Action Complaint and therefore denies same.**

10. On information and belief, Defendant, A&C PLASTICS, INC. is a Texas corporation with its principal place of business in Houston, Texas.

**ANSWER:** **Defendant admits only that it is a Texas corporation with its principal place of business in Houston, Texas. To the extent that Paragraph 10 is deemed to contain any other allegations of fact, Defendant denies same.**

### Facts

11. On or about June 22, 2009 Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

**ANSWER:** **Defendant has insufficient knowledge to admit or deny the allegations contained in Paragraph 11 of the Class Action Complaint and therefore denies same and demands strict proof thereof.**

12. Plaintiff had not invited or given permission to Defendant to send fax advertisements.

**ANSWER:** **Defendant has denies the allegations as stated in Paragraph 12 of the Class Action Complaint.**

13. On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

**ANSWER:** **Defendant has insufficient knowledge to form a belief as to the allegations contained in Paragraph 13 of the Class Action Complaint and therefore denies same and demands strict proof thereof.**

14. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:** **Defendant denies the allegations as stated in Paragraph 14 of the Class Action Complaint.**

**Count I**
**Telephone Consumer Protection Act, 47 U.S.C. § 227**

15. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:** **Defendant incorporates, by reference, the preceding paragraphs as if fully set forth herein.**

16. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

**ANSWER:** **Defendant admits that Plaintiff has brought an action against Defendant based upon the aforesaid statute. Answering further, Defendant states that the allegations in Paragraph 16 of the Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 16 of the Class Action Complaint is deemed to contain allegations of fact against Defendant, Defendant denies same.**

17. A class action is warranted because:

   (a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable;

5

  (b) There are questions of fact or law common to the class that predominating over questions affecting only individual class members, including without limitation:

   (i) Whether Defendant sent unsolicited fax advertisements;

   (ii) Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

   (iii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

   (iv) Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

   (v) Whether Defendant violated the provisions of 47 U.S.C. § 227;

   (vi) Whether Plaintiff and the other class members are entitled to statutory damages;

   (vii) Whether Defendant should be enjoined from faxing advertisements in the future; and

   (viii) Whether the Court should award trebled damages.

**ANSWER:** Defendant denies that a class action is proper in this matter as stated in Paragraph 17(a)-(b)(i)-(viii), inclusive, of the Class Action Complaint.

18. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

**ANSWER:** **Defendant denies the allegations as stated in Paragraph 18 of the Class Action Complaint.**

19. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:** **Defendant denies the allegations as stated Paragraph 19 of the Class Action Complaint.**

20. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…" 47 U.S.C. § 227(b)(1).

**ANSWER:** **Defendant states that the allegations contained in Paragraph 20 of the Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 20 of the Class Action Complaint is deemed to contain allegations of fact Defendant denies the same.**

21. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a)(4).

**ANSWER:** **Defendant states that the allegations contained in Paragraph 21 of the Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 21 of the Class Action Complaint is deemed to contain allegations of fact Defendant denies the same.**

22. The TCPA provides:

    3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

7

    (A)  An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B)  An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C)  Both such actions.

**ANSWER:**  **Defendant states that the allegations contained in Paragraph 22 of the Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 22 of the Class Action Complaint is deemed to contain allegations of fact Defendant denies the same.**

  23.  The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

**ANSWER:**  **Defendant states that the allegations contained in Paragraph 23 of the Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 23 of the Class Action Complaint is deemed to contain allegations of fact Defendant denies the same.**

  24.  Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

**ANSWER:**  **Defendant denies the allegations as stated in Paragraph 24 of the Class Action Complaint.**

  25.  The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:**  **Defendant states that the allegations contained in Paragraph 25 of the Class Action Complaint are legal conclusions to which no answer is required. To**

**the extent that Paragraph 25 of the Class Action Complaint is deemed to contain allegations of fact Defendant denies the same.**

26. Defendant knew or should have known that (A) Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, (B) that Plaintiff and the other class members did not have an established business relationship with Defendant, and (C) that Exhibit A is an advertisement.

**ANSWER: Defendant denies the allegations as stated in Paragraph 26 of the Class Action Complaint.**

27. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

**ANSWER: Defendant denies the allegations as stated in Paragraph 27 of the Class Action Complaint.**

28. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

9

**ANSWER:** **Defendant denies the allegations as stated Paragraph 28 of the Class Action Complaint.**

WHEREFORE, Defendant, A&C Plastics, Inc., respectfully request that judgment be entered in his favor and against Plaintiff with costs assessed against Plaintiff.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, A&C Plastics, Inc., by and through its attorneys, Eric L. Samore, Molly A. Arranz, and Erin A. Walsh, and for its Affirmative Defenses to the Class Action Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

1. In its Class Action Complaint, Plaintiff has failed to state a claim upon which relief may be granted against the defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Any cause of action asserted in the Class Action Complaint is barred because Plaintiff had a prior or existing established business relationship with Defendant and/or consented or provided express invitation or permission for receiving information from Defendant.

### THIRD AFFIRMATIVE DEFENSE

3. Any cause of action asserted in the Class Action Complaint is barred by the doctrine of waiver because Plaintiff voluntarily and intentionally relinquished a known right by entering into a prior or existing business relationship and/or consenting and/or providing express invitation or permission for receiving information from Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

4. With respect to the claim for damages, Defendant incorporates by reference all limitations on damage awards which arose in *BMW of North America v. Gore*, 116 U.S. 1589 (1996) and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 537 U.S. 1042 (2003). Plaintiff seeks to certify a class of individuals or businesses similar to itself, who have allegedly received unsolicited fax advertisement from Defendant. Similar to Plaintiff, each of these putative class members have incurred less than ten cents of actual damages or no actual damages.

**FIFTH AFFIRMATIVE DEFENSE**

5. As alleged in Plaintiff's Complaint and applied in this matter, the TCPA violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution. The Eighth Amendment to the U.S. Constitution states that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

In the present matter, Plaintiff alleges to have received one unsolicited fax advertisement from Defendant. On average, the paper and toner required to receive one fax is less than fifteen cents. Plaintiff seeks fines up to $1000.00 for this alleged fax transmission which has caused Plaintiff less than fifteen cents in actual damages. On the individual level, Plaintiff's requested remedy violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

Further, Plaintiff seeks to certify a class of individuals or businesses similar to itself, who have allegedly received one unsolicited fax advertisement from Defendant. Similar to Plaintiff, each of these putative class members have incurred less than fifteen cents of actual damages. Plaintiff now seeks thousands of dollars in fines, on a class wide level, for alleged conduct that resulted in minute damages to each putative class member. At the class-wide level, Plaintiff's

requested remedy violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses and counterclaims as may become available or apparent and hereby reserves its right to amend its Answer to assert such defenses or claims.

**WHEREFORE**, Defendant, A&C Plastics, Inc., respectfully requests that this Court enter an Order dismissing Plaintiff's claims, with prejudice, and awarding costs of suit to the Defendant.

DEFENDANT RESPECTFULLY REQUESTS A TRIAL BY JURY.

Respectfully Submitted,
A&C PLASTICS, INC.,

By: /s/ Erin A. Walsh_____
One of its Attorneys

Eric L. Samore, ARDC # 6181345
Molly A. Arranz ARDC # 6281122
Erin A. Walsh, ARDC # 6291003
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone: (312) 894-3200
Fax: (312) 894-3210