UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| G.M. SIGN, INC., <br><br>    Plaintiff, <br><br>v. <br><br>A&C PLASTICS, INC., <br><br>    Defendant. | Case No. 09 CV 5136 <br> Judge James F. Holderman <br> Magistrate Sidney I. Schenkier |

**DEFENDANT'S MOTION TO DISMISS COUNT III
OF THE CLASS ACTION COMPLAINT**

NOW COMES Defendant, Defendant, A&C Plastics, Inc., by and through its attorneys, Eric L. Samore, Molly A. Arranz and Erin A. Walsh of SmithAmundsen LLC, and for its Motion to Dismiss Count III the Class Action Complaint as follows:

**I. INTRODUCTION.**

This case arises out of an alleged violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227; common law conversion; and, an alleged violation of the Illinois Consumer Fraud Act ("ICFA"). (Pl.'s Compl., attached hereto as **Exhibit A**.) The sole basis for these claims is the alleged receipt of a single one-page fax, a copy of which is attached as Exhibit A to the Class Action Complaint. (*See* Pl.'s Compl., Exhibit A.) Count III to the Class Action Complaint should be dismissed on grounds that Plaintiff fails to allege a course of conduct that is unfair or deceptive and also because there has been no substantial injury within the meaning of the statute.

**II. COUNT III SHOULD BE DISMISSED ON GROUNDS THAT PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION UNDER THE ICFA.**

Plaintiff's conclusory assertion that Defendant has violated the Illinois Consumer Fraud Act via the sending of a single, allegedly unsolicited facsimile is insufficient to state a cause of

1

action under the ICFA and, therefore, Count III requires dismissal. (Pl.'s Compl. ¶ 42.) To state a cause of action under the ICFA, Plaintiff must allege (1) Defendant engaged in a deceptive act or unfair practice; (2) Defendant intended for Plaintiff to rely on the deception or unfair practice; and, (3) the unfair or deceptive act occurred during a course of conduct involving trade or commerce. *Robinson v. Toyota Motor Corp.*, 201 Ill. 2d 403, 417, 775 N.E. 2d 951, 960 (2002). Plaintiff has not pled such an action, utterly failing to plead reliance or course of conduct. (Pl.'s Compl. ¶ 41-49.) Instead, Plaintiff merely alleges that Defendant's "unsolicited fax practice is an unfair practice, because it violates public policy and because it forced Plaintiff and the other class members to incur expense without any consideration in return." (*See* Pl.'s Compl. ¶ 46.) This clearly fails to meet the requirements of the statute and, therefore, Count III of the Class Action Complaint should be dismissed.

### III. COUNT III SHOULD BE DISMISSED ON GROUNDS THAT DEFENDANT HAS NOT ENGAGED IN AN UNFAIR PRACTICE.

Plaintiff has not, and cannot, allege that Defendant engaged in an "unfair practice" within the meaning of the ICFA. To constitute conduct that is "unfair" under the ICFA, courts consider whether a defendant's conduct: (1) violates public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and, (3) substantially injures the plaintiff. *Robinson,* 201 Ill. 2d at 417-18; *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.,* No. 08 C 6992, 2009 U.S. Dist. LEXIS 58436, *12 (N.D. Ill. Jul. 8, 2009); *Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns., Inc.,* 443 F. Supp. 2d 976, 978 (N.D. Ill. 2006); *W. Ry. Devices Corp. v. Lusida Rubber Prods.*, No. 06 C 0052, 2006 U.S. Dist. LEXIS 43867, at *16 (N.D. Ill. Jun. 13, 2006)(*citing Kim v. Sussman,* No 03 CH 07663, 2004 WL 3135348, *3 (Ill. Cir. Ct. Oct. 19, 2004). "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Stonecrafters, Inc.,* 2009 U.S. Dist. LEXIS 58436 at * 12 (*citing Robinson,* 201 Ill. 2d at 417-

418)(noting that An ICFA claim based on an allegedly unsolicited facsimile must be dismissed even when it meets the "public policy" factor of *Robinson*, because the remaining factors are "patently inapplicable in cases involving a one page advertisement," and because these to factors heavily outweigh consideration of that one element). Moreover, Plaintiff *must* specifically allege each the factors enumerated in *Robinson*, by setting forth an adequate factual basis to withstand a Fed. R. Civ. Pro. 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 502 (1996).

In *Robinson*, the plaintiff appealed the appellate court's decision that affirmed the dismissal of plaintiff's claim that the defendant's conduct constituted unfair or deceptive trade practices in violation of ICFA. *Robinson*, 201 Ill. 2d at 417-18. The Illinois Supreme Court affirmed the appellate court's decision as to ICFA claims, finding that the plaintiffs failed to describe in their complaint how defendant's practices, including early termination, capitalized costs, GAP charges, double penalties, and auction, transportation, and reconditioning fees, were "unfair" within the meaning of the ICFA. *Id.* at 420. The court further stated that bare assertion of unfairness without describing in what manner the conduct is oppressive is insufficient to state a cause of action. *Id.* at 421.

Plaintiff's assertion of an action or practice that is purportedly "unfair" does not allege the level of conduct expressly required by the statute; indeed, the alleged sending of a single, one-page facsimile is an action that falls far outside the behavior regulated by the ICFA. *See Stonecrafters, Inc.*, 2009 U.S. Dist. LEXIS 58436 at * 15; *Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d at 979. Simply put, Plaintiff cannot state a cause of action ground in the ICFA because the alleged, sending of a single page of text via facsimile is not sufficient to show—as Plaintiff must—that A&C

3

Plastic's conduct amounted to a practice that was "oppressive," "caused substantial injury," and "violative of public policy."

### A. Plaintiff Has Failed To Sufficiently Allege That Defendant Engaged In A Practice That Amounts To "Immoral, Unethical, Oppressive Or Unscrupulous" Conduct.

Under the ICFA and the *Robinson* analysis, Plaintiff's purported receipt on only one occasion of a one-page facsimile plainly does not rise to the required level of oppressiveness. *Robinson*, 201 Ill. 2d at 417-18. The Northern District Recently determined that the sending of a one page fax does not constitute an "unfair practice" under the ICFA because, in part, the sending of a one page document via facsimile was not immoral, unethical, oppressive or unscrupulous. *Stonecrafters, Inc.*, 2009 U.S. Dist. LEXIS 58436 at *13. In *Stonecrafters*, the court found, "the improper use of one piece of paper, a small amount of toner, and a few seconds of an employee's time is not oppressive conduct, nor does it fit within the definitions of [unethical, immoral or unscrupulous]." *Id.* at *14. Therefore, the court held:

> Rather, sending an unsolicited fax is more akin to taking someone's pen and notebook without their permission and writing some notes on one sheet of paper. Even though the owner of the supplies did not have a choice in the matter, and even though the improper use depletes a small amount of ink and one piece of notebook paper, this court would be hard pressed to conclude that this conduct is immoral, unethical, oppressive or unscrupulous. Accordingly, this court concludes that the second *Robinson* factor does not support plaintiff's claim. *Id.*

Similarly, in *Rossario's Fine Jewelry, Inc.*, the Northern District refused to categorize the sending of a one-page fax advertisement as "immoral, unethical, oppressive or unscrupulous," and, therefore, dismissed Plaintiff's claim under the ICFA.

Here, Plaintiff has not met its burden of alleging specific and adequate facts to demonstrate that A&C Plastics engaged in an oppressive practice under the *Robinson* analysis. There is no allegation, indeed no evidence to support such an act or practice exists. If anything,

4

there was a minimal disruption of Plaintiff's business, a minimal intrusion into Plaintiff's use of time and a negligible use of Plaintiff's paper and toner. Defendant's conduct clearly does not rise to the level of oppression required to bring a cause of action under ICFA. Moreover, there are no allegations of significant loss of use of its facsimile machine, unavailability of the machine to receive an important message, lost profits due to business disruption or other similar claims. Thus, under ICFA and *Robinson* analysis, G.M. Sign's receipt on one occasion of a one-page facsimile does not constitute an immoral, unethical, oppressive, or unscrupulous practice.

    **B.**    **Plaintiff Has Not, And Cannot, Allege "Substantial Injury" Based On The Purported Receipt Of A One Page Fax.**

Defendant's transmission of one page worth of text, on one occasion cannot rise to the level of "substantial injury" required by the ICFA and *Robinson*. "A practice causes substantial injury to consumers if it causes significant harm to the plaintiff <u>and</u> has the potential to cause injury to a large number of consumers." *Stonecrafters, Inc.*, 2009 U.S. Dist. LEXIS 58436 at *15 (*citing Lusida,* 2006 U.S. Dist LEXIS 43867, * 6); *Wilson v. Harris, N.A.*, No. 06 C 5840, 2007 U.S. Dist. LEXIS 65345, *8 (N.D. Ill. Sep. 4, 2007)(emphasis added). In other words, Plaintiff can *only* demonstrate "substantial injury" if it can establish <u>both</u> of the following elements: (1) significant harm to the individual plaintiff; <u>and,</u> (2) the potential to cause injury to a large number of consumers. *Id.* Here, Plaintiff cannot establish either element. As to the first element, "significant harm," the Northern District has recently found that "the cost of receiving a printing a single page facsimile advertisement cannot be characterized as 'significant harm.'" *Id.* at * 15-16. As noted by that court, on the face of the complaint, Plaintiff's purported "actual damage" could only be a quarter of a dollar or less. *Id.; see Missouri ex rel Nixon v. American Blast Fax, Inc.*, 196 F. Supp. 2d 920, 923 (D. Mo. 2002)(where an expert for the prosecution testified that the average cost for the receipt of a single fax page ranges from six cents to seventeen cents, and further explained that this

5

might be an overestimation); (Pl.'s Compl. ¶ 48 -49.). Certainly, this is not "significant harm" as contemplated by the ICFA.

As to the second element, Plaintiff's speculation as to an alleged injury to itself and a class of persons is also not sufficient for it to meet its pleading burden in federal court. (*Id.* ¶ 42.) It is well established that in order to survive a 12(b)(6) motion to dismiss "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. Furthermore, "pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Here, any allegations regarding "substantial injury" to an unidentified, putative class are nothing more than speculation. Plaintiff simply cannot assert a single valid factual basis as any injury, let alone the "substantial injury," of any other consumer.

Furthermore, the Northern District recent found that *even if* plaintiff had sufficiently alleged injuries to other potential members of a putative class as relevant to the substantial injury prong, which it clearly has failed to do, the total damages for a class of "forty or more persons" would barely amount to $6. (Pl.'s Compl. ¶ 47.) *Stonecrafters*, 2009 U.S. Dist. LEXIS, *16; *see American Blast Fax, Inc.*, 196 F. Supp. 2d at 923 (D. Mo. 2002)( the average cost for the receipt of a single fax page ranges from six cents to seventeen cents, although this might be an overestimation). In fact, the *Stonecrafters* court observed, "the class would have to consist of 5,000 people before the alleged harm plausibly reaches even $100." *Stonecrafters, Inc.*, 2009 U.S. Dist. LEXIS 58436 at *16. Based on this deficiency, the Northern District found, "any allegation of a substantial injury in plaintiff's ICFA claim is not plausible."

6

Plaintiff's speculation as to injury to "forty or more" Illinois consumers is not sufficient for plaintiff to meet its pleading burden *in this case*. (Pl.'s Compl. ¶ 47.) Even if an allegation of injuries to potential other putative members of an undefined class were relevant to evaluating the substantial injury prong—which it clearly is not—Plaintiff has not alleged that any purported recipient received hundreds to thousands of facsimile advertisements within a short period of time. In other words, Plaintiff has failed to state a cause of action grounded in the ICFA because the alleged singular sending of a one-page facsimile is not sufficient to show—as it must—that Defendant's conduct caused "substantial injury." Therefore, dismissal of Count III of Plaintiff's Complaint is proper.

**WHEREFORE**, Defendant A&C PLASTICS, INC. respectfully prays that this Honorable Court grant its Motion to Dismiss Count III Plaintiff's Complaint, award Defendant its costs herein expended and such other and further relief this Court deems just and proper.

Respectfully Submitted,

SMITHAMUNDSEN LLC

By: /s/ Erin A. Walsh_____
Attorney for Defendant
A&C PLASTICS, INC.

Eric L. Samore # 6181345
Molly A. Arranz # 6281122
Erin A. Walsh, # 6291003
SmithAmudsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200